USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/11/16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARIA I. BELEN,

                      Plaintiff,

- against -

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL
SECURITY,

                      Defendant,

**ORDER**

14 Civ. 6898 (PGG) (JCF)

PAUL G. GARDEPHE, U.S.D.J.:

      On August 25, 2014, Plaintiff Maria Belen filed the Complaint in this action. (Dkt. No. 1) She seeks judicial review, pursuant to 42 U.S.C. § 405(g), of a final decision of the Commissioner of Social Security ("the Commissioner") denying her application for Supplemental Security Income ("SSI"). (Id.) On October 10, 2014, this Court referred the matter to Magistrate Judge James Francis for a Report & Recommendation ("R&R"). (Dkt. No. 4) On June 15, 2015, Plaintiff filed a motion for judgment on the pleadings, arguing that this Court should remand the case solely for a calculation of benefits. (Dkt. No. 14) On July 15, 2015, the Commissioner filed a cross-motion for judgment on the pleadings, arguing that this Court should remand the case for further administrative proceedings based on a deficiency in the administrative record. (Dkt. No. 16)

      On September 23, 2015, Magistrate Judge Francis issued an R&R recommending that both motions be denied, but that the case nevertheless be remanded for further administrative proceedings so that the Administrative Law Judge ("ALJ") "can properly evaluate

the medical evidence." (Dkt. No. 18 at 38-39)[1] Plaintiff filed a "response" to the R&R on September 28, 2015, stating that she has "no objection to the Magistrate Judge's recommendation that the claim be remanded for further proceedings." (Dkt. No. 19 at 2) Plaintiff requests, however, that this Court – in adopting the R&R – direct the Commissioner to complete the administrative proceedings on remand within 120 days. (Id. at 2) Absent a decision within that time period, Plaintiff asks that benefits be awarded immediately. (Id.)

On October 21, 2015, the Commissioner filed a response to Plaintiff's submission arguing that (1) Plaintiff's request that this Court impose a deadline for the completion of administrative proceedings was not presented to Judge Francis and therefore is not properly before this Court; and (2) a time limit on administrative proceedings would be an unwarranted intrusion on the administrative process. (Dkt. No. 22 at 2)

For the reasons stated below, this Court will adopt the R&R and deny both Plaintiff's motion for judgment on the pleadings and the Commissioner's cross-motion for judgment on the pleadings.

## DISCUSSION

In reviewing a magistrate judge's R&R, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party submits a timely objection to an R&R, the Court reviews those portions of the report to which the party objects under a de novo standard. See Fed.R.Civ.P. 72(b)(3). "Objections that are 'merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke de novo review.'" Phillips v. Reed Grp., Ltd., 955 F. Supp. 2d 201, 211

---

[1] The page numbers of documents referenced in this Order correspond to the page numbers designated by this District's Electronic Case Filing system.

2

(S.D.N.Y. 2013) (quoting Vega v. Artuz, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002)) (alteration in Phillips). "'The district judge evaluating a magistrate judge's recommendation may adopt those portions of the recommendation, without further review, where no specific objection is made, as long as they are not clearly erroneous.'" Gilmore v. Comm'r of Soc. Sec., 2011 WL 611826, at *1 (S.D.N.Y. Feb. 18, 2011) (quoting Chimarev v. TD Waterhouse Investor Servs., Inc., 280 F. Supp. 2d 208, 212 (S.D.N.Y. 2003)).

Here, neither side objected to the R&R.[2] Accordingly, this Court's review is limited to a consideration of whether there is any "'clear error on the face of the record'" that precludes acceptance of the recommendations. Wingate v. Bloomberg, 2011 WL 5106009, at *1 (S.D.N.Y. Oct. 27, 2011) (quoting Fed. R. Civ. P. 72(b) advisory committee note; citing Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) ("To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record.")).

With respect to the Commissioner's motion, this Court agrees with Judge Francis's conclusion that remand on the basis of an incomplete administrative record is inappropriate in this case because (1) the Commissioner has not adequately explained why the missing records were not included in Plaintiff's administrative file; and (2) the missing records are summarized in the decision of the ALJ. See R&R at 31-32.

With respect to Plaintiff's motion, this Court also agrees with Judge Francis's conclusion that a remand solely for purposes of a calculation of benefits is not appropriate, because – as this Court has previously found – portions of the record cast significant doubt on

---

[2] As noted above, however, Plaintiff has requested that this Court direct that administrative proceedings on remand be completed within 120 days, and that if those proceedings are not completed within that time frame, that benefits immediately be awarded. (Dkt. No. 19)

3

the merits of Plaintiff's claim for benefits. See id. at 38; Belen v. Astrue, No. 08 Civ. 10303(PGG), 2011 WL 2748687, at *11 n.12 (S.D.N.Y. July 12, 2011). Therefore, remand solely for the calculation of benefits would be improper.

Finally, this Court agrees with Magistrate Judge Francis's conclusion that the ALJ did not sufficiently explain his reasons for (1) declining to give controlling weight to the opinion of Plaintiff's treating physician, Dr. Brito; and (2) rejecting the opinion of Plaintiff's therapist, Ms. Vargas. (Id. at 36-39)

This Court previously remanded this action to the Commissioner, finding that

> the ALJ failed to comprehensively set forth his reasons for declining to give the treating physicians' opinions controlling weight. Instead, the ALJ merely stated that "the undersigned has not given the opinions of the claimant's treating sources controlling weight because these opinions are inconsistent with the objective medical findings showing complaints related to family issues." (R. 16) The ALJ did not explain what those inconsistencies were, nor did he conduct an analysis of the Section 404.1527(d) factors. Cf. Bolden v. Comm'r of Soc. Sec., 556 F. Supp. 2d 152, 166 (E.D.N.Y. 2007) ("Yet not only did the ALJ fail to assign controlling or great weight to these opinions, she failed even to analyze them. The ALJ did point to some scattered portions of the record tending to contradict the opinions of Dr. Davis and Dr. Fessler, but she in no way explained how or why the former evidence outweighed the latter."). The ALJ's failure to comprehensively set forth his reasons, and failure to indicate what, if any, weight he did afford the treating physicians' opinions, is legal error that requires a remand. Pogozelski v. Barnhart, No. 03 CV 2914 (JG), 2004 WL 1146059, at *12 (E.D.N.Y. May 19, 2004) ("The failure to follow [the treating physician] rule, standing alone, requires [r]emand.").

Belen, 2011 WL 2748687, at *11.

This Court specifically instructed that

> [o]n remand, the ALJ must consider all of the Section 404.1527(d) factors – which include, inter alia, (i) the frequency of examination and the length, nature, and extent of the treatment relationship; (ii) the evidence in support of the opinion; (iii) the opinion's consistency with the record as a whole; and (iv) whether the opinion is from a specialist, see Clark v. Comm'r of Soc. Sec., 143 F.3d 115, 118 (2d Cir. 1998) (citing 20 C.F.R. § 404.1527(d)) – to determine what weight should be given to the medical opinions of Belen's treating physicians. If the ALJ declines to afford controlling weight to such opinions, he must

comprehensively set forth his reasons why, including by explaining (1) what he considers the "objective medical findings" to be, (2) how the treating physicians' opinions are "inconsistent with the objective medical findings," and (3) why "complaints related to family issues" preclude a finding of disability. (See R. 16)

Id. Despite this direction, the ALJ again "failed to 'comprehensively' set forth his reasons for not giving Ms. Belen's treating psychiatrist's opinion controlling weight." R&R at 36. As a result, this Court agrees with Judge Francis that remand is again required "so that the ALJ can properly evaluate the medical evidence." Id. at 38-39.

Plaintiff has requested that this Court order the Commissioner to issue a new decision within 120 days, failing which Plaintiff would have an immediate right to benefits. (Dkt. No. 19) The Commissioner characterizes this request as a "new argument" that Plaintiff did not raise before the Magistrate Judge. (Dkt. No. 22 at 4) "The question '[w]hether a party may raise a new legal argument . . . for the first time in objections to [a magistrate judge's report and recommendation] has not yet been decided in this Circuit.'" Levy v. Young Adult Inst., Inc., 2015 WL 1958889, at *4 (S.D.N.Y. Apr. 30, 2015) (quoting Amadasu v. Ngati, 2012 WL 3930386, at *5 (E.D.N.Y. Sept. 9, 2012)). This Court does not construe Plaintiff's request as a new legal argument, however. Instead, Plaintiff is requesting an additional type of relief in light of Judge Francis's recommendations.

Having considered Plaintiff's request, however, this Court will not impose a deadline for administrative proceedings on remand. In Butts v. Barnhart, 416 F.3d 101 (2d Cir. 2005), the Second Circuit approved the imposition of a time limit on administrative proceedings where the court was "reviewing an ALJ's decision at step five, rather than step four, of the five-step inquiry." Butts, 416 F.3d at 103. The Second Circuit emphasized that a time limit was appropriate at step five because "the evidence at the fifth stage would compel a finding that [the plaintiff] was disabled absent the Commissioner's meeting her burden of making a contrary

5

showing." Id. at 104. Thus, "if the Commissioner d[id] not meet the time limits," the plaintiff at step five would "have a 'right to relief.'" Id. at 105. The Second Circuit cautioned, however, that its "holding is limited to cases where the claimant is entitled to benefits absent the Commissioner's" meeting her burden of rebuttal. Id. at 104.

Where, as here, a plaintiff's disability has not yet been established, courts in this Circuit have declined to place specific time limits on administrative proceedings. See Uffre v. Astrue, No. 06 CIV. 7755(GWG), 2008 WL 1792436, at *8 (S.D.N.Y. Apr. 18, 2008) ("The Court is unaware of any case that has set a time limit where the claimant had not yet been determined to be disabled."); see also Vicari v. Astrue, No. 1:05-CV-4967-ENVVVP, 2009 WL 331242, at *6 (E.D.N.Y. Feb. 10, 2009) (declining to impose a time limit where the "plaintiff has not yet progressed beyond the fourth prong of the disability analysis and thus has not yet proved that he is, in fact, disabled."); Tempesta v. Astrue, No. CV-08-00003 (FB), 2009 WL 211362, at *10 (E.D.N.Y. Jan. 28, 2009) (finding that "the imposition of a time limit upon remand is inappropriate" because the plaintiff "has not yet satisfied step four of the five-step disability determination."); Wright v. Astrue, 2008 WL 620733, at *4 (E.D.N.Y. Mar. 5, 2008) ("[Plaintiff] has asked the Court to impose a 120-day deadline for a new hearing and decision; however, because she has not progressed to step five it is improper to impose a deadline.").[3]

Here, unlike in Butts, Plaintiff's disability has not yet been established. Accordingly, this Court will not impose a time limit on administrative proceedings on remand. It

---

[3] Courts in this district have also found that imposing a time limit on administrative proceedings would constitute an unwarranted intrusion on the administrative process. See, e.g., Lebron v. Barnhart, 2008 WL 2696142, at *8 (S.D.N.Y. July 8, 2008) (finding that "a time limit would be an intrusion on the administrative process"); Vazquez ex rel. Jorge v. Barnhart, 2005 WL 2429488, at *10 (S.D.N.Y. Sept. 30, 2005) ("The Court . . . declines to place a specific time restriction on the Commissioner to complete administrative proceedings, as it is an unwarranted intrusion of the administrative process" (citing Heckler v. Day, 467 U.S. 104, 112 (1984))).

6

bears mention, however, that Plaintiff filed her SSI application more than twelve years ago. See R&R at 2. More than four years ago, this Court directed the ALJ to comprehensively set forth his reasons for declining to give controlling weight to the treating physicians' opinions. See Belen, 2011 WL 2748687, at * 10. The ALJ's continued failure to do so necessitates the present remand. Given this record, this Court expects administrative proceedings on remand to proceed expeditiously.

      In sum, this Court adopts Judge Francis's R&R in its entirety and, for the reasons stated therein, (1) denies Plaintiff's motion for judgment on the pleadings; (2) denies the Commissioner's cross-motion for judgment on the pleadings; (3) remands the case for further administrative proceedings so that the ALJ can properly evaluate the medical evidence; and (4) denies Plaintiff's request to direct the Commissioner to issue a new decision within 120 days. The Clerk of the Court is directed to terminate the motions (Dkt. Nos. 14, 16) and to close this case.

Dated: New York, New York
       March 11, 2016

                                      SO ORDERED.

                                      Paul G. Gardephe
                                      United States District Judge