UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -:
MARIA I. BELEN,                     :   14 Civ. 6898 (PGG) (JCF)
                                    :
                Plaintiff,          :      REPORT AND
                                    :   RECOMMENDATION
     - against -                    :
                                    :   ┌─────────────────────────────┐
CAROLYN W. COLVIN, Acting           :   │ USDS SDNY                   │
Commissioner of Social Security,    :   │ DOCUMENT                    │
                                    :   │ ELECTRONICALLY FILED        │
                Defendant.          :   │ DOC #: _____ │
- - - - - - - - - - - - - - - - - -:   │ DATE FILED: 8/9/16          │
TO THE HONORABLE PAUL G. GARDEPHE, U.S.D.J.:  └─────────────────────────┘

     Plaintiff Maria I. Belen has filed a motion for attorneys'
fees pursuant to the Equal Access to Justice Act ("EAJA"), 28
U.S.C. § 2412, which the Commissioner of Social Security (the
"Commissioner") has opposed.  I recommend granting the motion.

Background

     The plaintiff filed this action in August 2014.  After
reviewing the administrative record, counsel for the Commissioner
suggested to counsel for the plaintiff that the parties stipulate
to remand the case to the Social Security Administration for
further administrative proceedings.  (Declaration of Susan D. Baird
dated July 14, 2016 ("Baird Decl."), ¶ 4; Letter of Susan D. Baird
dated Feb. 4, 2015, attached as Exh. to Baird Decl.).  On February
11, 2015, plaintiff's counsel declined the offer.  (Baird Decl., ¶
5).

     Subsequently, the plaintiff filed a motion for judgment on the
pleadings, arguing that the case should be remanded to the Social

Security Administration solely for a calculation of benefits. (Memorandum of Law in Support of Plaintiff's Motion for Judgment on the Pleadings ("Pl. Merits Memo.") at 24). She argued that the Administrative Law Judge ("ALJ") had improperly evaluated both the opinions of her treating physicians and Ms. Belen's credibility. (Pl. Merits Memo. at 14-24). The Commissioner filed a cross-motion seeking remand for further administrative proceedings on the ground that the ALJ had "relied on evidence that [was] not part of the certified administrative record" and was, "therefore, not available for the Court's review." (Memorandum of Law in Support of the Commissioner's Motion for Remand and in Opposition to Plaintiff's Motion for Judgment on the Pleadings ("Comm'r Merits Memo.") at 5).[1]

I issued an opinion recommending denial of both Ms. Belen's motion and the Commissioner's cross-motion but nevertheless remanding the case to the Social Security Administration for further administrative proceedings. (Report and Recommendation

---

[1] The Commissioner suggests that the Court's description of her motion as one for judgment on the pleadings is inaccurate, noting that she "moved 'to remand this action to the Commissioner . . . pursuant to the fourth sentence of 42 U.S.C. § 405(g).'" (Memorandum of Law in Opposition to Plaintiff's Motion for Attorney's Fees ("Comm'r Fees Memo.") at 3 n.1. A "Motion for Remand," which is what the Commissioner called her submission, is unknown to the Federal Rules of Civil Procedure. Regardless of the relief the Commissioner sought, she requested judgment "[a]fter the pleadings [were] closed" and based on those pleadings. Fed. R. Civ. P. 12(c).

dated Sept. 23, 2015 ("September 15 R&R") at 1). I found that the plaintiff was correct that the ALJ had failed to evaluate the medical opinions of her treating psychiatrist and therapist properly, but denied her motion because the remedy she sought -- remand for the calculation of benefits -- was inappropriate in the circumstances. (September 15 R&R at 36-39). I found that the Commissioner's position was factually and legally unsound and noted that her attempt to blame the ALJ for evaluating records that did not make it into the administrative record was unavailing -- indeed, any fault in compiling the administrative record post-dated the ALJ's decision and lay with the Commissioner herself. (September 15 R&R at 31-32).

Ms. Belen did not object to the Report and Recommendation, but requested that the Honorable Paul G. Gardephe, U.S.D.J., "impose a time limit on the Commissioner for issuing a new decision" in light of the length of time that Ms. Belen's application had been pending. (Plaintiff's Response to the Magistrate Judge's Report and Recommendation at 2). Judge Gardephe adopted the Report and Recommendation in full without imposing the requested time limit. Belen v. Colvin, No. 14 Civ. 6898, 2016 WL 1048058, at *3-4 (S.D.N.Y. March 11, 2016).

The plaintiff now seeks attorneys' fees in the amount of $6,036.94 pursuant to the EAJA, and $400.00 in costs. (Affirmation of Charles E. Binder dated June 8, 2016 ("Binder Aff.") at 4;

Itemization of Hours, attached as Exh. to Binder Aff.).

<u>Discussion</u>

Under the EAJA, a party who prevails against the United States in proceedings for judicial review of agency action is entitled to attorneys' fees and certain other expenses "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. 2412(d)(1)(A).  Thus,

> [t]o be entitled to statutory fees under § 2412(d)[,] a claimant must satisfy four criteria: (1) the claimant must be a "prevailing party"; (2) the Government's position cannot be "substantially justified"; (3) no "special circumstances" exists [sic] that make an award "unjust"; and (4) the fee application is timely submitted and "supported by an itemized statement."

<u>Harris v. Astrue</u>, 701 F. Supp. 2d 410, 412 (E.D.N.Y. 2010) (quoting <u>Kerin v. United States Postal Service</u>, 218 F.3d 185, 189 (2d Cir. 2000)).

The Commissioner recognizes that, although Ms. Belen's motion for judgment on the pleadings was denied, under Supreme Court precedent she is considered a prevailing party because she secured a remand pursuant to sentence four of 42 U.S.C. § 405(g).  (Comm'r Fees Memo. at 5); <u>see</u> <u>Shalala v. Schaefer</u>, 509 U.S. 292, 300-01 (1993) ("A sentence-four remand, of course, is a judgment for the plaintiff."); <u>see also</u> <u>McKay v. Barnhart</u>, 327 F. Supp. 2d 263, 266-67 (S.D.N.Y. 2004).  Appropriately, the Commissioner does not urge that her position in this litigation was substantially justified,

as any such argument would fail.   (September 15 R&R at 31-32).
Rather, she contends that special circumstances make an award of
fees unjust: namely that Ms. Belen refused the Commissioner's
February 2015 offer of remand.   (Comm'r Fees Memo. at 5-6).
According to the defendant,

> [b]y rejecting the Commissioner's offer to remand this
> case, and instead moving for reversal for calculation of
> benefits, and then unsuccessfully requesting a time limit
> on proceedings on remand, plaintiff not only failed to
> gain any additional relief, but also delayed, by thirteen
> months, receipt of the relief ultimately granted by the
> Court.

(Comm'r Fees Memo. at 6).

Where a plaintiff opposes the Commissioner's offer of remand,
a Court may reduce the fees awarded under the EAJA by excising
those fees that would not have been incurred had the offer been
accepted.   See, e.g., Nuzzo v. Colvin, No. 12 CV 2373, 2014 WL
1426340, at *1-2 (E.D.N.Y. April 14, 2014) (declining to award fees
incurred after counsel's initial review of administrative record);
McKay, 327 F. Supp. 2d at 269 (awarding only fees and costs
incurred prior to Commissioner's offer of remand).   However,

> If a record demonstrates that a plaintiff could have
> reasonably expected to obtain a reversal [for calculation
> of benefits], opposition by plaintiff to an offer to
> remand would not be excessive even if the court
> ultimately disagreed with plaintiff's arguments and
> remanded the case.  Similarly, if by opposing a motion by
> the government to remand a case, a plaintiff could
> reasonably hope to obtain a remand order with significant
> specific directives guiding the review beyond those
> suggested by the Commissioner, the work associated with
> such an opposition would be reasonably expended and the

results obtained would be significant.

<u>McLaurin v. Apfel</u>, 95 F. Supp. 2d 111, 117 (E.D.N.Y. 2000); <u>see also</u> <u>Antonetti v. Barnhart</u>, 438 F. Supp. 2d 145, 147-48 (W.D.N.Y. 2006) (awarding fees where plaintiff's argument highlighted errors by ALJ that Commissioner's motion did not address).

Here, Ms Belen's position was not unreasonable, especially when taking the defendant's position into account.   The Commissioner argued for remand on a single ground -- that the ALJ improperly took into account certain medical records that were not included in the administrative record presented to the Court. (Comm'r Merits Memo. at 5).   She neither bothered to provide any justification as to why the records were not included, as is required for a remand on the basis of an incomplete record, <u>see</u> <u>Kaplan v. Barnhart</u>, No. 01 CV 8438, 2004 WL 528440, at *3 n.2 (E.D.N.Y. Feb. 24, 2004), nor did she recognize that the ALJ summarized the missing records, providing the Court a sufficient basis on which to review the decision.   (September 15 R&R at 31-32).   In contrast, Ms. Belen accurately contended that the ALJ had failed to evaluate her medical records properly in contravention of both applicable regulations and a prior order of Judge Gardephe. (Pl. Merits Memo. at 14).   Because the Commissioner presented an insufficient basis on which to remand the case, while Ms. Belen identified significant defects in the ALJ's opinion, resulting in a Report and Recommendation (ultimately adopted by Judge Gardephe)

that included "specific directives" to the ALJ to apply on remand, McLaurin, 95 F. Supp. 2d at 117; (September 15 R&R at 36-38), Ms. Belen's choice not to accept the Commissioner's offer of remand and move for judgment on the pleadings made a significant "contribution to the ultimate relief." Antonetti, 438 F. Supp. 2d at 148. Moreover, her attempt to exact a time limit for the Commissioner's decision on remand, although unsuccessful, was not unreasonable in light of the "long and complex procedural history" of this case, which now spans approximately thirteen years. (September 15 R&R at 2-4). In short, no special circumstances make the award of fees unjust.

The Commissioner does not quibble with the thirty-one hours that plaintiff's counsel spent on this case, the hourly rate of $194.74 sought, or the $400.00 in costs. (Binder Aff., ¶ 12; Itemization of Hours). The amount of time expended is reasonable under the circumstances. See, e.g., Cook v. Colvin, No. 13 Civ. 1946, 2015 WL 6971462, at *2 (S.D.N.Y. Oct. 26, 2015) (collecting cases awarding fees for up to 63.1 hours in Social Security appeals). Under the EAJA, "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). Counsel justifies the hourly rate by noting that "the Consumer Price Index for all

7

urban consumers [in] the Northeast urban region [] has increased
from 162.80 in March 1996, the effective date of the EAJA, to
253.626 in June 2015, when the majority of the work was performed
on this case." (Binder Aff., ¶ 12). In addition, the plaintiff
notes that timekeepers Daniel S. Jones and Charles E. Binder have
significant experience representing Social Security disability
claimants both before the agency and in federal court. (Binder
Aff., ¶¶ 7, 9). The claimed hourly rate is therefore reasonable,
see Cook, 2015 WL 6971462, at *1, 3 (approving hourly rate of
$196.76 for Mr. Binder and Mr. Jones), as are the claimed costs of
$400.00 for the court's filing fee (Binder Aff. at 4; Itemization
of Hours).

Conclusion

     For the foregoing reasons, I recommend granting the
plaintiff's motion and awarding $6,036.96 in attorneys' fees and
$400.00 in costs to plaintiff's counsel under the EAJA. Pursuant
to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the
Federal Rules of Civil Procedure, the parties shall have fourteen
(14) days from this date to file written objections to this Report
and Recommendation. Such objections shall be filed with the Clerk
of the Court, with extra copies delivered to the chambers of the
Honorable Paul G. Gardephe, Room 2204, 40 Foley Square, New York,
New York 10007, and to the chambers of the undersigned, Room 1960,

500 Pearl Street, New York, New York 10007.  Failure to file timely objections will preclude appellate review.


Respectfully submitted,


JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
       August 9, 2016

Copies transmitted this date:

Charles E. Binder, Esq.
Binder & Binder P.C.
60 E. 42nd St., Suite 520
New York, NY 10165

Susan G. Baird, Esq.
Assistant U.S. Attorney
86 Chambers St., 3rd Floor
New York, NY 10007