UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARIA I. BELEN,

                 Plaintiff,

- against -

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                 Defendant.

**ORDER**

14 Civ. 6898 (PGG) (JCF)

PAUL G. GARDEPHE, U.S.D.J.:

       Plaintiff Maria Belen brings this action against the Commissioner of Social Security ("Commissioner").

       Pending before the Court is Plaintiff's motion for an award of attorneys' fees, which then-Magistrate Judge James C. Francis addressed in a Report and Recommendation ("R&R"). Judge Francis recommends that this Court grant Plaintiff's motion and award $6,036.96 in attorneys' fees and $400.00 in costs. (R&R (Dkt. No. 33) at 8)[1] For the reasons stated below, the R&R will be adopted in its entirety, and Plaintiff's motion will be granted.

## BACKGROUND

### I. PROCEDURAL HISTORY

       The Complaint was filed on August 25, 2014. (Dkt. No. 1) Plaintiff argued that, in denying disability benefits, the Administrative Law Judge ("ALJ") had not properly evaluated Plaintiff's credibility and the opinions of her treating physician. (Id.) On October 10, 2014, this Court referred the matter to Judge Francis for an R&R. (Dkt. No. 4)

---

[1] The page numbers of documents referenced in this Order correspond to the page numbers designated by this District's Electronic Case Files ("ECF") system.

At the outset of the instant case, the Commissioner offered to consent to a remand for further administrative proceedings. Plaintiff rejected that offer. (R&R (Dkt. No. 33) at 1)

On June 15, 2015, Plaintiff moved for judgment on the pleadings, arguing that this Court should remand the case solely for a calculation of benefits. (Dkt. No. 14) On July 15, 2015, the Commissioner filed a cross-motion for judgment on the pleadings, arguing that this Court should remand the case for further administrative proceedings based on a deficiency in the administrative record. (Dkt. No. 16)

On September 23, 2015, Magistrate Judge Francis issued an R&R recommending that both motions be denied, but that the case nevertheless be remanded for further administrative proceedings so that the ALJ could "properly evaluate the medical evidence." (Sept. 23, 2015 R&R (Dkt. No. 18) at 38-39)

On March 11, 2016, this Court adopted the September 23, 2015 R&R and remanded the case to the Commissioner. (Mar. 11, 2016 Order (Dkt. No. 23)) On March 15, 2016, the Clerk of Court entered final judgment and this case was remanded to the Commissioner. (Dkt. No. 24)

On June 9, 2016, Plaintiff filed the instant motion for an award of attorneys' fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 20 U.S.C. § 2412. (Mot. (Dkt. No. 26)) The Commissioner opposed the request for an award of attorneys' fees and costs, arguing that the Commissioner had proposed a remand to Plaintiff's counsel at the outset of the case, that Plaintiff had rejected the offer, and that Plaintiff should not be granted an attorneys' fee award given these circumstances. (Def. Opp. Br. (Dkt. No. 30) at 6-7)

2

In his R&R, Judge Francis recommends granting Plaintiff's motion and awarding $6,036.96 in attorneys' fees and $400.00 in costs. (R&R (Dkt. No. 33) at 8)

On August 23, 2016, the Commissioner filed objections to the R&R. (Dkt. No. 34)

## II.  THE MAGISTRATE JUDGE'S R&R

In his R&R, Judge Francis notes that "[w]here[, as here,] a plaintiff opposes the Commissioner's offer of remand, a Court may reduce the fees awarded under the EAJA by excising those fees that would not have been incurred had the offer been accepted." (R&R (Dkt. No. 33) at 5 (citing Nuzzo v. Colvin, No. 12 CV 2373, 2014 WL 1426340, at *1-2 (E.D.N.Y. April 14, 2014))) Judge Francis also notes, however, that "'if by opposing a motion by the government to remand a case, a plaintiff could reasonably hope to obtain a remand order with significant specific directives guiding the review beyond those suggested by the Commissioner, the work associated with such an opposition would be reasonably expended and the results obtained would be significant.'" (Id. at 5-6 (quoting McLaurin v. Apfel, 95 F. Supp. 2d 111, 117 (E.D.N.Y. 2000)))

Applying these legal standards, Judge Francis concludes that Plaintiff's "position [opposing remand] was not unreasonable, especially when taking defendant's position into account":

> The Commissioner argued for remand on a single ground – that the ALJ improperly took into account certain medical records that were not included in the administrative record presented to the Court. . . . She neither bothered to provide any justification as to why the records were not included, as is required for a remand on the basis of an incomplete record . . . nor did she recognize that the ALJ summarized the missing records, providing the Court a sufficient basis on which to review the decision. . . . In contrast, Ms. Belen accurately contended that the ALJ had failed to evaluate her medical records properly in contravention of both applicable regulations and a prior order of Judge Gardephe. . . . Because the Commissioner presented an insufficient basis on which to remand the case, while Ms. Belen identified significant defects in the ALJ's opinion, resulting in a Report

3

> and Recommendation (ultimately adopted by Judge Gardephe) that included "specific directives" to the ALJ to apply on remand, . . . Ms. Belen's choice not to accept the Commissioner's offer of remand and move for judgment on the pleadings made a significant "contribution to the ultimate relief." . . . Moreover, her attempt to exact a time limit for the Commissioner's decision on remand, although unsuccessful, was not unreasonable in light of the "long and complex procedural history" of this case, which now spans approximately thirteen years. . . . In short, no special circumstances make the award of fees unjust.

(Id. at 6-7) Noting that the Commissioner had not argued that (1) the thirty-one hours Plaintiff's counsel had spent on the case was unreasonable; or (2) that the hourly rate or costs sought were unreasonable, Judge Francis found that a fee award of $6,036.96 and a costs award of $400 was appropriate. (Id. at 7-8)

### III. THE COMMISSIONER'S OBJECTIONS TO THE R&R

The Commissioner filed objections to the R&R, arguing that "special circumstances make an award of fees unjust in this case," because "[P]laintiff unreasonably refuse[d] to agree to remand, litigate[d] the matter, and los[t]." (Def. Obj. (Dkt. No. 34) at 2-3) The Commissioner claims that Judge Francis overlooked Second Circuit case law regarding fee awards where a plaintiff's counsel expends time after the Commissioner consents to a remand, and argues that Judge Francis erred in finding that Plaintiff had acted reasonably in refusing to consent to a remand. (Id. at 3) The Commissioner also objects to Judge Francis's finding that the Commissioner's argument for a remand was "not substantially justified." (Id. at 6-9)

## DISCUSSION

### I. LEGAL STANDARDS

#### A. Review of a Report and Recommendation

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where a timely objection has been made to a

4

magistrate judge's recommendation, the district court judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.  However, "[o]bjections that are 'merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke de novo review.'"  Phillips v. Reed Grp., Ltd., 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013) (quoting Vega v. Artuz, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002)) (alteration in Phillips).  "To the extent . . . that the party . . . simply reiterates the original arguments, [courts] will review the Report strictly for clear error." Indymac Bank, F.S.B. v. Nat'l Settlement Agency, Inc., 07 Civ. 6865 (LTS), 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008) (citing Pearson-Fraser v. Bell Atl., No. 01 Civ. 2343(WK), 2003 WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003); Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan, 806 F.Supp. 380, 382 (W.D.N.Y.1992)); see also Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are 'merely perfunctory responses,' . . . 'rehashing . . . the same arguments set forth in the original petition.'") (citing Vega, 2002 WL 31174466, at *1; Greene v. WCI Holdings, 956 F.Supp. 509, 513 (S.D.N.Y. 1997)).

As to portions of an R&R to which no timely objection is made, this Court's review is limited to a consideration of whether there is any "'clear error on the face of the record'" that precludes acceptance of the recommendations.  Wingate v. Bloomberg, 2011 WL 5106009, at *1 (S.D.N.Y. Oct. 27, 2011) (quoting Fed. R. Civ. P. 72(b) advisory committee note; citing Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) ("To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record.")).

### B. EAJA Attorneys' Fee Awards

The EAJA provides in relevant part:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). To obtain an award of fees and costs pursuant to Section 2412(d)(1)(A), a party must show: "(1) that the claimant [is] a 'prevailing party'; (2) that the Government's position was not 'substantially justified'; (3) that no 'special circumstances make an award unjust'; and, (4) pursuant to 28 U.S.C. § 2412(d)(1)(B), that any fee application be submitted to the court within 30 days of final judgment in the action and be supported by an itemized statement." Kerin v. USPS, 218 F.3d 185, 189 (2d Cir. 2000) (citing Commissioner, INS v. Jean, 496 U.S. 154, 158 (1990)).

## II. ANALYSIS

The Commissioner first contends that Judge Francis ignored Second Circuit precedent finding an award of fees "unjust" where a plaintiff has rejected the Commissioner's remand offer. (Def. Obj. (Dkt. No. 34) at 3-6) In making this objection, the Commissioner repeats the same arguments made to Judge Francis, citing the same case law, in the same order, with the same explanatory parentheticals. (Compare id. with Def. Br. (Dkt. No. 30) at 6-8) To the extent that the Commissioner "rehash[es] . . . the same arguments set forth in [her brief before the magistrate judge]," (see Vega, 2002 WL 31174466, at *1), this Court will only review the R&R for clear error. Indymac Bank, F.S.B., 2008 WL 4810043, at *1; Ortiz, 558 F. Supp. 2d at 451.

As discussed above, Judge Francis found that "[Plaintiff's] position was not unreasonable" because "[Plaintiff] accurately contended that the ALJ had failed to evaluate her medical records properly in contravention of both applicable regulations and a prior order of [this Court]."  (R&R (Dkt. No. 33) at 6)  Judge Francis noted that "[t]he Commissioner argued for remand . . . [because] the ALJ improperly took into account certain medical records that were not . . . in the administrative record."  (Id.)  As Judge Francis points out, the Commissioner – in contrast to Plaintiff – "neither bothered to provide any justification as to why the records were not included, as is required for a remand on the basis of an incomplete record . . . nor did [the Commissioner] recognize that the ALJ summarized the missing records. . . ."  (Id.)

Judge Francis went on to properly distinguish cases cited by the Commissioner from cases in which fees were awarded even where the plaintiff had opposed an offer of remand.  (Id. at 5-6)  Judge Francis also called attention to the case's "'long and complex procedural history'" in concluding that "[Plaintiff's] request to exact a time limit for the Commissioner's decision on remand, although unsuccessful, was not unreasonable."  (Id. at 7 (quoting Sept. 23, 2015 R&R (Dkt. No. 18) at 2-4))  Finding Plaintiff's position reasonable in light of all the circumstances, Judge Francis rejected the Commissioner's argument that Plaintiff's rejection of the Commissioner's offer of remand constituted a special circumstance rendering an award of fees unjust.[2]  (Id. at 7)

The Commissioner again argues that United States v. 27.09 Acres of Land, 43 F.3d 769 (2d Cir. 1994), is "controlling Second Circuit caselaw" requiring that Plaintiff's fee application be denied.  (Def. Obj. (Dkt. No. 34) at 3-5)  27.09 Acres merely holds, however, that

---

[2]  Judge Francis's analysis applies with equal force to other cases cited by the Commissioner, which are not explicitly addressed in the R&R.  (See Def. Obj. (Dkt. No. 34) at 5)

"a district court may consider whether special circumstances render an award of attorney's fees less just." Id. at 773 (emphasis added). This Court finds no clear error in Judge Francis's application of this permissive standard, and concludes that the Commissioner's first objection is without merit.

The Commissioner also contends that Judge Francis erred in concluding that the Commissioner's argument for a remand was "not substantially justified." (Id. at 6-8) In support of this objection, the Commissioner argues that because the administrative record was incomplete, "[t]he only choice was to ask the Court to remand the action for the Commissioner to compile a complete record." (Id. at 7) In arguing that her offer of remand was reasonable, the Commissioner cites a line of authority not included in her brief before Judge Francis. (Id. at 7-8) The Court has considered these cases, and the argument premised on them, de novo. See 28 U.S.C. § 636(b)(1)(C).

In the cases cited by the Commissioner, remand is described as a permissible and common – albeit not exclusive – remedy in cases brought under 42 U.S.C. § 405(g), and remand is either granted or denied in these cases based on the state of the record. See, e.g., Melkonyan v. Sullivan, 501 U.S. 89, 101 (1991) (noting that "Congress believed courts were often remanding Social Security cases without good reason []" and had "clear intent to limit courts to two kinds of remands in [§ 405(g)] cases"); Rosa v. Callahan, 168 F.3d 72, 82-83 (2d Cir. 1999) ("'Where there are gaps in the administrative record or the ALJ has applied an improper legal standard, we have, on numerous occasions, remanded to the [Commissioner] for further development of the evidence.'") (citing Pratts v. Chater, 94 F.3d 34, 39 (2d Cir. 1996)); Pratts, 94 F.3d at 38 (remanding case where there was "incomplete record of [petitioner's] hearing"); Mimms v. Heckler, 750 F.2d 180, 186 (2d Cir. 1984) ("deem[ing] it desirable that the

[petitioner's testimony regarding disabling pain] missing in the transcript be elicited on remand"). These cases do not demonstrate, however, that Judge Francis erred in concluding that the Commissioner's remand argument was "not substantially justified."

As to the Commissioner's objections regarding Judge Francis's application of Kaplan v. Barnhart, No. 01 Civ. 8438, 2004 WL 528440 (E.D.N.Y. Feb. 24, 2004), this Court finds that Judge Francis correctly applied the law in concluding that remand "on the basis of an incomplete administrative record is inappropriate in this case . . . ." (Mar. 11, 2016 Order (Dkt. No. 23) at 3)

"For a district court to remand on the basis of an incomplete administrative record, the Commissioner must give sufficient justification why the records were not previously included in Plaintiff's administrative file." Kaplan, 2004 WL 528440, at *3, n. 2 (citing Balsamo v. Chater, 142 F.3d 75, 82 (2d Cir. 1998)). Pursuant to 42 U.S.C. § 405(g), "the Commissioner plainly must establish 'good cause . . .' in order to justify the admission of new evidence." Balsamo, 142 F.3d at 82 (quoting Simmons v. United States R.R. Ret. Bd., 982 F.2d 49, 57 (2d Cir. 1992); 42 U.S.C. § 405(g) ("The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case . . . but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . .")). This requirement "'was at least in part designed to limit federal court remands to the [Commissioner].'" Id. (citing Carroll v. Secretary of Health and Human Servs., 705 F.2d 638, 644 (2d Cir. 1983)). As Judge Francis correctly finds, the Commissioner plainly did not fulfill this requirement here. (R&R (Dkt. No. 33) at 6) This Court finds no error in

Judge Francis's application of Kaplan, and agrees that the Commissioner's position on remand was "not substantially justified."

This Court finds the remainder of the R&R to be thorough, well-reasoned, and free of any clear error.

## **CONCLUSION**

For the reasons stated above, Magistrate Judge Francis's R&R (Dkt. No. 33) is adopted in its entirety, and Plaintiff is awarded $6,036.96 in attorneys' fees and $400.00 in costs.

Dated: New York, New York
       June 8, 2020

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge